IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CHRISTY L. SAUNDERS,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | 5:05-CV-447 (CAR) |
| : | |
| **NEW CHINA BUFFET NO. 8 MACON** : | |
| **STORE** : | |
| : | |
| **Defendant.** : | |

## ORDER DISMISSING PLAINTIFF'S CLAIMS

On July 5, 2006, this Court issued an Order for Plaintiff to show cause, within ten (10) days, why her case should not be dismissed for her failure to participate in preparing the Rules 16 and 26 joint discovery order. Plaintiff has not filed a response. Accordingly, Plaintiff's claims are hereby **DISMISSED** with **PREJUDICE**, pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

## FACTUAL HISTORY

On December 7, 2005, Plaintiff Christy L. Saunders filed this employment discrimination claim against her former employer, Defendant New China Buffet No. 8 Macon Store [Doc 1]. Defendant filed a timely Answer [Doc 3] to the Complaint, and thereafter, on May 10, 2006, this Court issued an Order [Doc 5] for both parties to produce a joint proposed scheduling and discovery order no later than June 26, 2006.

No joint proposed scheduling and discovery order was filed in response to this Court's 16 and 26 Order.  Instead, the Court received only a partial scheduling plan from Defendant on June 26, 2006.  In the proposed order, Defendant's counsel stated that he made several unsuccessful attempts to contact Plaintiff, through her counsel, in an effort to confer and draft a proposed order as requested by the Court.  This Court also attempted to contact Plaintiff, through her counsel, without any success: Plaintiff's counsel's telephone was disconnected, and Plaintiff's counsel did not respond to the Court's emails.

Thereafter, this Court ordered Plaintiff to show cause, within ten (10) days, why her claim should not be dismissed under Rule 37(b)(2)(C) for failing to participate in the Rules 16 and 26 joint discovery order and under Rule 41(b) for failing to prosecute her case [Doc 10].  In the order, the Plaintiff was warned that if she did not respond, her case may be dismissed with prejudice.  The deadline for this order was July 24, 2006.  As of this date, Plaintiff has not complied with the order.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure requires a plaintiff to diligently prosecute her lawsuit.  If she fails to do so, the district court may dismiss her case on that basis.  <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-31 (1962).  The district court likewise has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction.  <u>Gratton v. Great Am. Commc'ns</u>, 178 F.3d 1373, 1374 (11th Cir. 1999).  Rule 37(b)(2)(C) states that if a party fails to obey an order to provide or permit discovery, including an order entered under Rule 26, the court in which the action is pending may make such orders in regard to the failure as are just,

including an order dismissing the action.

Dismissal with prejudice is the most severe sanction that can be imposed by a court and is not favored. However, if "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," a district court may dismiss an action with prejudice. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotations and citations omitted). In contrast, violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a dismissal. Id.

In this case, both parties were ordered to confer and develop a proposed Rules 16 and 26 scheduling and discovery plan and submit a joint plan to the Court. Thereafter, Defendant's counsel made numerous unsuccessful attempts to contact Plaintiff's counsel and confer as required by the Federal Rules and this Court. Plaintiff's counsel, however, apparently made no effort to confer with Defendant. Plaintiff was further ordered by the Court to specifically show cause why her case should not be dismissed with prejudice as a result of her failure to comply. Plaintiff again refused to respond to this Court's Order, despite the fact that this Court informed her that failure to comply with an order of the Court may result in dismissal of her claims with prejudice.

For these reasons, the Court finds that Plaintiff's failure to comply is not a result of simple negligence, a misunderstanding, or an inability to comply. Rather, the Court finds that Plaintiff's disregard of this Court's numerous requests amounts to an intentional, willful, and bad faith failure to comply. Moreover, given Plaintiff's complete failure to contact either the Court or defense counsel during this process and

her willful refusal to comply with this Court's multiple orders requiring her to do so, the Court finds that any sanction lesser than dismissal would not suffice.

### CONCLUSION

Because Plaintiff willfully refuses to participate in discovery, to comply with orders of the Court and rules of procedure, or to otherwise diligently prosecute her case, her claims are hereby **DISMISSED with prejudice**, pursuant to this Court's Order of July 5, 2006, and Rules 37 and 41 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 21st day of September, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

EHE/aeg